IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID JOSE TURNER, | ) | 8:09CV351 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on David Jose Turner's ("Turner") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 12), a Brief on the merits of the Petition (filing no. 13), State Court Records (filing nos. 7, 8, and 9), and a Reply Brief (filing no. 17). Turner filed two Briefs on the merits of his Petition. (Filing Nos. 15 and 16). The court deems this matter fully submitted.

Liberally construing the allegations of Turner's Petition, Turner argues that the Petition should be granted because:

| | |
|---|---|
| Claim One: | Petitioner was denied the right to a speedy trial in violation of the Sixth and Fourteenth Amendments because Petitioner suffered an unreasonable delay in sentencing. |
| Claim Two: | Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial attorney allowed the prosecution to present perjured testimony. |
| Claim Three: | Petitioner was denied the right to a fair trial in violation of the Sixth and Fourteenth Amendments because (1) the prosecution presented perjured |

>testimony to the jury and (2) the trial court failed to protect Petitioner's right to a fair trial when it permitted the prosecution to present perjured testimony to the jury.

(Filing No. 6 at CM/ECF pp. 1-2.)

## *BACKGROUND*

### *I. Turner's Conviction and Direct Appeal*

On November 16, 1995, a jury convicted Turner of two counts of robbery, three counts of use of a firearm to commit a felony, and one count of first degree forcible sexual assault.[1] (Filing No. 7, Attach. 7-2, at CM/ECF pp. 84-85.) Turner was thereafter found to be a habitual criminal and sentenced to serve a prison term. (*Id.* at CM/ECF pp. 101-102.) Turner filed a direct appeal and a Petition to Bypass the Court of Appeals, which was sustained on January 3, 1997. (Filing No. 7, Attach. 7-1, at CM/ECF p. 1; Filing No. 7, Attach. 7-3.) The Nebraska Supreme Court affirmed Turner's conviction and sentence on June 13, 1997, issuing a detailed opinion. (Filing No. 7, Attach. 7-6, at CM/ECF pp. 1-10.) Turner did not raise any of the claims now raised in his Petition on direct appeal.

---

[1]The facts surrounding these charges are set forth in the Nebraska Supreme Court's decision affirming Turner's conviction and sentence, and need not be recounted here. See *State v. Turner*, 564 N.W.2d 231 (Neb. 1997). (Filing No. 7, Attach. 7-6, at CM/ECF pp. 1-10.)

2

## *II. Turner's Post-Conviction Motions and Appeal*

Turner's post-conviction proceedings spanned a period of over seven years, and only the relevant portions of those proceedings are summarized here.[2] Turner filed a motion to vacate or set aside sentence and conviction on May 4, 2001, in the Douglas County, Nebraska District Court (filing no. 7, attach. 7-8, at CM/ECF pp. 8-20), followed by two addendums to his motion on October 15, 2001, and September 18, 2002 (*id.* at CM/ECF pp. 21-24 and 31-33). Turner, liberally construed, raised at least portions of Claims Two and Three in the October 15, 2001, addendum. (*Id.* at CM/ECF pp. 22-23.) On July 16, 2004, the district granted post-conviction relief, in part, finding that Turner's counsel's performance at his habitual criminal enhancement hearing was deficient. (*Id.* at CM/ECF pp. 72-73.) The court ordered that Turner receive a new enhancement hearing and overruled all other claims Turner had raised in his post-conviction motions. (*Id.* at CM/ECF p. 78.) Thereafter, Turner filed a motion in arrest of judgment and for new trial, in which he argued that he was entitled to a jury trial on the habitual criminal enhancement. (*Id.* at CM/ECF p. 79.) The district court overruled Turner's motion. (*Id.* at CM/ECF p. 81.) On August 16, 2004, Turner appealed the court's July 16 and August 11, 2004, orders (filing no. 7, attach. 7-8, at CM/ECF p. 1), raising none of the claims now raised in his Petition. (*See* Filing No. 7, Attach. 7-9.) The Nebraska Court of Appeals summarily affirmed the district court's decision. (Filing No. 7, attach. 7-7, at CM/ECF p. 2.) Turner did not petition the Nebraska Supreme Court for further review. (*See id.*)

According to the record, there was no activity in Turner's case until March 21, 2007, when he filed a motion in arrest of judgment and motion for new trial (filing no. 7, attach. 7-14, at CM/ECF pp. 8-10) and a motion for new trial on newly discovered evidence (*id.* at CM/ECF pp. 11-19). Turner later filed a plea in bar and motion to

---

[2]For a discussion of the facts surrounding Turner's post-conviction proceedings, see the Nebraska Court of Appeals' decision affirming the district court's denial of post-conviction relief. (Filing No. 7, Attach. 7-17, at CM/ECF pp. 3-14.)

3

discharge the habitual criminal allegation, arguing that his re-sentencing had been delayed in excess of constitutional and statutory time periods. (*Id.* at CM/ECF p. 36.) The district court sustained Turner's plea in bar and motion to discharge and dismissed the habitual criminal enhancement. (*Id.* at CM/ECF p. 45-46.) Turner was resentenced on October 17, 2007. (*Id.* at CM/ECF pp. 50-51.) On November 15, 2007, Turner appealed to the Nebraska Court of Appeals, and raised at least portions of Claims One, Two, and Three. (Filing No. 7, Attach. 7-15, at CM/ECF pp. 1-26.) The Nebraska Court of Appeals affirmed the decision of the district court. (Filing No. 7, Attach. 7-17, at CM/ECF p. 11.) Turner filed a petition for further review to the Nebraska Supreme Court, in which he failed to raise any of the claims now raised in his Petition. (Filing No. 7, Attach. 7-18.) The Nebraska Supreme Court denied Turner's petition for further review on December 10, 2008. (Filing No. 7, Attach. 7-19.)

## *ANALYSIS*

### *I. Exhaustion/Procedural Default*

Respondent alleges that all of Turner's claims are procedurally defaulted and cannot form the basis of habeas corpus relief. (Filing No. 12 at CM/ECF pp. 8-10.) For the reasons set forth below, the court agrees.

**A.     Standards for Exhaustion/Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

4

>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924,

5

926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

**B.     Turner's Claims**

To the extent Turner raised Claims One, Two, and Three in his post-conviction motions and in his post-conviction appeal to the Nebraska Court of Appeals, it is clear that he did not present any of these claims to the Nebraska Supreme Court in a petition for further review.  (Filing No. 18.)  Thus, Turner failed to present any of his claims in "one complete round" in the Nebraska state courts, as required.  *See Akins*, 410 F.3d at 454-55.  Therefore, Claims One, Two, and Three are procedurally defaulted and this court cannot consider their merits unless Turner can show cause and prejudice for the default.

## *II.  Cause and Prejudice*

Turner does not argue cause or prejudice for the procedural default of his claims.  Rather, he argues that his claims "taken as a whole, constitute a 'miscarriage of justice.'"  (Filing No. 16 at CM/ECF p. 9.)  In order for Turner to invoke the fundamental-miscarriage-of-justice exception, he must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted."  *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).  *See Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir.1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), *cert. denied*, 522 U.S. 857 (1997).

Turner's basis for arguing that he qualifies for this exception is that there have been a "multitude of constitutional violations employed by the state to gain this constitutionally infirm conviction," (filing no. 16 at CM/ECF p. 9.), but he offers no new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.  *See Abdi*, 450 F.3d at 338.  Thus, the court declines to excuse the procedural default of any of Turner's procedurally defaulted claims under the fundamental-miscarriage-of-justice exception.

Accordingly, Turner has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing all of his claims in his petition for further review to the Nebraska Supreme Court. Thus, Turner's claims are dismissed.

IT IS THEREFORE ORDERED that:

1. Turner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

June 9, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.